**IN THE COURT OF APPEALS OF IOWA**

No. 14-0823
Filed June 10, 2015

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JASON PAUL DRAHOS,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Nathan A. Callahan, District Associate Judge.

The defendant appeals from the judgment and sentence entered following his conviction for possession of marijuana, third offense. **AFFIRMED.**

Joseph C. Glazebrook of Glazebrook, Moe, Johnston, & Hurd L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Charity Sullivan and Jeremy Westendorf, Assistant County Attorneys, for appellee.

Considered by Danilson, C.J., Vaitheswaran, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, S.J.**

Jason Drahos appeals from the judgment and sentence entered following his conviction for possession of marijuana, third offense. He contends the court erred in denying his motion to suppress evidence because the investigatory stop violated the federal and state constitutions.[1] We review his claim de novo. *See State v. Kern*, 831 N.W.2d 149, 164 (Iowa 2013).

Drahos was parked in a private parking lot adjacent to an apartment building in Waterloo at 3:30 a.m. on March 7, 2013. In order to curb illegal activity occurring on the parking lot in question, the owner of the property gave law enforcement permission to prosecute any trespassers found on the premises without seeking approval for each prosecution. Signs are posted warning it is unlawful to trespass or loiter on the property.

Waterloo Police Officer Mark Nissen was conducting his regular patrol of the area when he saw Drahos sitting in the front seat of a parked vehicle. He did not recognize the vehicle, which had been backed into the parking space and was not running. In order to see into the vehicle better, Officer Nissen turned on his "take-down lights," which are "the white lights to the front of the patrol car [that] illuminate everything in front of the patrol car." The officer then observed Drahos reach for the center console.

Officer Nissen exited his patrol car to make contact at the same time Drahos began exiting his vehicle. After following the officer's command to return to the vehicle, Drahos stated he was at the apartment building waiting for

---

[1] Because Drahos offers no reason to distinguish his federal and state constitutional claims, our discussion applies equally to both. *See State v. Legg*, 633 N.W.2d 763, 765 n.1 (Iowa 2001).

somebody. Officer Nissen smelled "a very, very potent odor of marijuana" coming from the vehicle and observed Drahos had "red, watery eyes." Drahos admitted to smoking marijuana and provided the officer with the remnants of a marijuana joint, along with a red plastic cup containing loose marijuana.

Drahos was arrested and charged with possession of marijuana, third offense. After his motion to suppress was denied, Drahos consented to a bench trial on the minutes of evidence. He was found guilty as charged and sentenced to a term of incarceration of no more than two years, which was suspended.

A peace officer may stop and briefly detain a person to conduct a further investigation where the officer has reasonable suspicion of a crime. *State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015). Reasonable suspicion exists when "articulable facts and all the circumstances confronting the officer at the time give rise to a reasonable belief that criminal activity may be afoot." *Id.* To determine the existence of reasonable suspicion, we therefore consider all the circumstances together. *Id.*

Under the circumstances presented here, we find the officer had a reasonable belief that criminal activity may have been afoot. Officer Nissen was aware of the illegal activity being conducted in the area and that the property owner had given permission to law enforcement to prosecute trespassers discovered on the property. It was reasonable to believe an individual sitting in a parked vehicle with the engine off in that area at 3:30 a.m. was involved in criminal activity. Because the officer had the reasonable suspicion necessary to detain Drahos, we affirm the denial of his motion to suppress.

**AFFIRMED.**